ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves for summary affirmance of the October 29, 2008 judgment of the United States Court of Veterans Claims dismissing George W. Sullivan’s appeal for lack of jurisdiction. Sullivan has not responded.
On March 6, 2008, Sullivan filed a notice of appeal from a February 29, 2008 Board of Veterans’ Appeals decision with the Court of Appeals for Veterans Claims. On the same day, Sullivan filed a motion for reconsideration with the Board of the February 29 decision. The Court of Appeals for Veterans Claims dismissed Sullivan’s appeal for lack of jurisdiction, determining that because Sullivan filed a motion for reconsideration during the 120-day judicial appeal period, there was no appealable final judgment. This appeal followed.
Summary affirmance of a case is appropriate “when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Here, the Court of Appeals for Veterans Claims correctly concluded that it lacked jurisdiction over Sullivan’s appeal because there was no underlying final decision. See Jaquay v. Principi, 304 F.3d 1276, 1284 (Fed.Cir.2002) (“If a motion for reconsideration is filed with the [Board] ... the initial decision is abated.”)
Because the Court of Appeals for Veterans Claims correctly héld that it lacked jurisdiction over Sullivan’s appeal, we conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate. However, this action is without prejudice to his filing a new appeal to the Court of Appeals for Veterans Claims after the Board’s decision, if adverse, becomes final.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion for summary affirmance is granted.
(2) Each side shall bear its own costs.